[Civ. No. 12850. Third Dist. Sept. 15, 1971.]

IRENE HICKMAN, as Assessor, etc., Plaintiff and Appellant, v. THE STATE OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Bill W. West for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Edmund E. White, Deputy Attorney General, for Defendant and Respondent.

OPINION

**THE COURT.** — Plaintiff alleges that she was elected Assessor of the County of Sacramento and performed state and local duties in conformity with the law. During her term of office she expended $20,606.89 to defeat a recall election. She seeks the return of this sum from the State of California. Defendant's general demurrer to the complaint was sustained with leave to amend. Plaintiff declined to amend. She appeals from the judgment of dismissal.

██ The only provision for repayment from the state treasury for the expense of defeating a recall election is in article XXIII, section 1 of the California Constitution. This provision has been interpreted to apply to state officers only. (*Hill* v. *Board of Supervisors* (1917) 176 Cal. 84, 86-87 [167 P. 514]; *Rutledge* v. *Dominguez* (1932) 122 Cal.App. 680, 683 [10 P.2d 1027].)

Sections 27200-27216 of the Elections Code govern the recall of county officers and contain no provision for reimbursing a county officer for the expense of defeating a recall election. Plaintiff, as the Assessor of Sacramento, was a county officer for the purpose of recall. (Gov. Code, § 24000; Const., art. XI, § 7½ ;[1] Charter of Sacramento, art. VIII, § 24; *Eisley* v. *Mohan* (1948) 31 Cal.2d 637, 641 [192 P.2d 5].)

No cause of action is stated against the State of California.

The judgment of dismissal is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied November 11, 1971.

---

[1]Repealed June 2, 1970. (See Const., art. XI, §§ 3 & 4.)